# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| ANN FRANCIS<br>1662 Carrigallen Lane<br>Columbus, Ohio 43228,<br><br>    Individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUPREME TOUCH HOME HEALTH SERVICES CORP<br>2547 West Broad Street<br>Columbus, Ohio 43204<br>c/o VEIL CORPORATE SERVICES, INC.<br>Statutory Agent<br>1166 East Dayton-Yellow Springs<br>Suite 227<br>Fairborn, Ohio 45324,<br><br>    Defendant. | Civil Action No. _____<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br><br><br>(JURY DEMAND ENDORSED HEREON) |

_____

The Plaintiff, Ann Francis ("Plaintiff" or "Named Plaintiff") by and through the undersigned counsel and on behalf of herself individually and on behalf of other members of the general public similarly situated, for her Complaint against Defendant Supreme Touch Home Health Services Corp ("STHHSC") or ("Defendant") hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., the Ohio Minimum Fair Wage Standards Act, R.C. Chapter 4111 (the "Ohio Wage Act"), the Ohio Prompt Pay Act, R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

1

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Named Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II. PARTIES

**A.    Plaintiff**

4. Named Plaintiff Ann Francis is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. At all times relevant herein, Plaintiff was an employee of Defendant as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

6. Named Plaintiff Francis was employed by Defendant from June of 2017 until February of 2018.

7. During her employment with Defendant, Named Plaintiff Francis worked as a licensed practical nurse for Defendant.

8. Plaintiff routinely worked in excess of forty (40) hours per workweek, but Plaintiff was not paid overtime of at least one and one-half her regular rate for all hours worked in excess of forty (40) hours per workweek.

9. The decision by Defendant not to pay overtime compensation to Plaintiff was neither reasonable nor in good faith.

10. At all times relevant herein, Plaintiff was a covered, non-exempt employee of Defendant who, pursuant to Section 7 of the FLSA, was required to receive not less than one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours.

11. At all times relevant herein, Plaintiff was entitled to receive not less than one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours.

12. Defendant knowingly and deliberately failed to compensate Plaintiff overtime of at least one and one-half her regular rate for all hours worked in excess of forty (40) hours per workweek.

13. Plaintiff did not perform work that meets the definition of exempt work under the FLSA or the Ohio Acts.

14. Plaintiff therefore seeks to recover all unpaid overtime and other damages owed under the FLSA, and to recover all unpaid overtime and other damages owed under the Ohio Acts.

**B.     Defendant**

15. Defendant Supreme Touch Home Health Services Corp. ("STHHSC") is a home nursing care staffing agency of direct care workers and provider of in-home rehabilitation and health care services.

16. Defendant is an "employer" as that term is defined by the FLSA, R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

17. During relevant times Defendant had operational control over significant aspects of the day-to-day functions, including the day-to-day functions of the Named Plaintiff Francis and those similarly situated.

19. During relevant times, Defendant's managers and owners had the authority to hire, fire and discipline employees, including Named Plaintiff Francis and those similarly situated.

20. During relevant times, Defendant had the authority to set rates and methods of compensation of Named Plaintiff Francis and those similarly situated.

21. During relevant times, Defendant had the authority to control the work schedules and employment conditions of Named Plaintiff Francis and those similarly situated.

22. During relevant times, Defendant had ultimate authority and control of employment records.

23. During relevant times, Defendant has benefitted from the work performed by Named Plaintiff Francis and those similarly situated.

### III. FACTS

24. During her employment with Defendant, Plaintiff Francis worked as a licensed practical nurse. Plaintiff Francis regularly worked more than 40 hours per week but was not paid one and one-half her regular rate for those hours worked over 40.

25. Plaintiff Francis' position was non-exempt at all times.

26. At all times relevant herein, Plaintiff Francis was not exempt from receiving FLSA overtime wage benefits because, *inter alia*, she was not an "executive," "computer," "administrative," "professional," neither learned nor creative, or "computer" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

27. At all times relevant herein Named Plaintiff Francis was an employee of Defendant as defined in the FLSA, R.C. Chapter 4111, OPPA, and Ohio Constitution Art. 2 §34a.

28. Subject to the elimination of a previous exemption, the Named Plaintiff Francis was an hourly, non-exempt employee

 of Defendant as defined in the FLSA, R.C. Chapter 4111 and Ohio Constitution Art. 2 §34a. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

29. At all times relevant here, Defendant employed Plaintiff Francis to this suit as a licensed practical nurse, providing nursing services performing non-exempt duties for Defendant.

30. At all times relevant herein, Plaintiff Francis was not exempt from receiving FLSA overtime wage benefits because, *inter alia*, she was not an "executive," "computer," "administrative," "professional," neither learned nor creative, or "computer" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

31. Defendant's policy is to pay Plaintiff no overtime wages regardless of how many hours per week they worked.

32. Defendant regularly required Plaintiff and other similarly situated persons to work significantly more than forty (40) hours per week.

33. However, Defendant failed to pay Plaintiff Francis and other similarly situated persons 1.5 times their regular hourly rates for these hours worked over forty (40) in a workweek.

34. The Named Plaintiff Francis brings this action on her own behalf and on behalf of those similarly situated persons, and Plaintiff Francis has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA.

35. At all relevant times, Defendant is and has been Plaintiff's "employer" as that term is defined by the FLSA, R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

36. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

37. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

38. During relevant times, Defendant suffered and permitted the Named Plaintiff Francis and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates.

39. Upon information and belief, Defendant, at all times relevant hereto, were fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

40. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

41. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages, or, in the alternative, Defendant otherwise failed to keep the required records.

5

42. By the conduct described in this Complaint, Defendant has violated the FLSA by failing to pay its employees, including the Plaintiff to this suit, overtime wages they have earned and to which they are entitled by law by misclassifying them as exempt from overtime wages when they are non-exempt.

### IV. COLLECTIVE AND CLASS ALLEGATIONS

43. The Named Plaintiff Francis brings her FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former employees of Defendant STHHSC who have worked as licensed practical nurses, home health aides, support associates, caregivers, or other employees who provided companionship services, rehabilitation services, domestic services, home nursing care, and/or other in-home services, and who worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case, and who were not paid time and a half for the hours they worked over 40 (the "216(b) Class" or the "216(b) Class Members").

44. Examples of employees that may be members of the 216(b) Class include, but may not be limited to, licensed practical nurses, home health aides, caregivers, aides, and other employees who provided companionship services, domestic services, rehabilitation services, home nursing care, and other in-home services for Defendant.

45. The 216(b) Class Members were no longer exempt from the FLSA as of January 1, 2015. See FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

46. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff Francis, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendant's company-wide payroll policies and practices. The Named Plaintiff is representative of

those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

47. The identity of the putative 216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

48. The Named Plaintiff Francis brings her Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act") claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> All current and former employees of Defendant STHHSC who have worked as home health aides, support associates, caregivers, or other employees who provided companionship services, rehabilitation services, domestic services, home nursing care, and/or other in-home services, and who worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case, and who were not paid time and a half for the hours they worked over 40 (the "Rule 23 Class" or the "Rule 23 Class Members").

49. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

50. The Named Plaintiff Francis is a member of the Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

51. The Named Plaintiff Francis will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

52. The Named Plaintiff Francis has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

53. The Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

54. Questions of law and fact are common to the Rule 23 Class.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

56. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Rule 23 Class as a whole.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

58. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff Francis and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

59. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiff Francis and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest

compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought as part of a collective action by the Named Plaintiff Francis on behalf of herself and the 216(b) Class.

62. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

63. During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiff and the 216(b) Class Members.

64. Defendant's policy is to pay Plaintiff and other similarly situated employees straight time pay regardless of how many hours per week they worked.

65. Defendant regularly required Plaintiff and other similarly situated employees to work significantly more than forty (40) hours per week.

66. However, Defendant failed to pay Plaintiff and other similarly situated employees 1.5 times their regular hourly rates for these hours worked over forty (40) in a workweek.

67. The Named Plaintiff Francis and the 216(b) Class Members regularly worked in excess of 40 hours in workweeks.

68. Defendant violated the FLSA with respect to Named Plaintiff Francis and the 216(b) Class by, *inter alia*, failing to compensate them at time and one-half times their regular rates for any hours worked over forty (40) hours in a workweek.

69. The Named Plaintiff Francis and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits beginning January 1, 2015.

70. Defendant knew or should have known of the overtime payment requirements of the FLSA. Since the January 1, 2015 exemption elimination, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Class Members are entitled.

71. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay the Named Plaintiff Francis and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

72. As a direct and proximate result of Defendant's conduct, the Named Plaintiff Francis and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff Francis seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the 216(b) Class Members.

## SECOND CAUSE OF ACTION
## R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

73. All of the preceding paragraphs are realleged as if fully rewritten herein.

74. This claim is brought under Ohio Law.

75. The Named Plaintiff Francis and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio Law.

76. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." See R.C. § 4111.03(A); see also 29 U.S.C. § 207(a)(1).

77. While employed by Defendant, the Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not paid overtime wages for this time spent working.

78. The Named Plaintiff Francis and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

79. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff Francis were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff Francis and the Rule 23 Class Members are entitled.

80. For Defendant's violations of R.C. §4111.03, by which the Named Plaintiff Francis and the Rule 23 Class Members have suffered and continue to suffer damages, the Named Plaintiff Francis seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. During relevant times, the Named Plaintiff Francis was employed by Defendant.

83. During relevant times, Defendant was an entity covered by the OPPA; and the Named Plaintiff Francis was employed by Defendant within the meaning of the OPPA.

84. The OPPA requires Defendant to pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. See R.C. § 4113.15(A).

85. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. See R.C. § 4113.15(B).

86. The Named Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

87. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** the Named Plaintiff Ann Francis requests judgment against the Defendant for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendant, at its own expense, to investigate and account for the number of hours actually worked by Named Plaintiff Francis and the putative class and collective members per week, and if Defendant failed to keep accurate records in accordance with Ohio Law, Named Plaintiff Francis, the 216(b) Collective Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to the Named Plaintiff Francis and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Named Plaintiff Francis and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G.     Awarding Named Plaintiff Francis, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H.     Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I.     Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J.     Granting the Named Plaintiff Francis leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.     Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

/s/ William H. Dulaney III
William H. Dulaney III (0037969)
Mann Dulaney LLC
211 Bradenton Avenue,
Dublin, Ohio 43017
Telephone: (614) 763-2163
Email: wdulaney@m-dlegal.com


/s/ Matthew D. Austin
Matthew D. Austin (0076619)
Huntington Bank Building
17 South High Street, Suite 810
Columbus, Ohio 43215
Telephone: (614) 843-3041
Email: Matt@MattAustinLaborLaw.com

*Trial Attorneys For Named Plaintiff,
Ann Francis*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons as to all counts of this Complaint.

/s/ William H. Dulaney III
William H. Dulaney III     (#0037969)