# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Ann Francis, | : | Civil Action No. 2:19-cv-05019-ALM-KAJ |
| Plaintiff, | : | CHIEF JUDGE ALGENON L. MARBLEY |
| vs. | : | MAGISTRATE JUDGE JOLSON |
| Supreme Touch Home Health Services Corp, | : | |
| Defendant. | : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Ann Francis and Defendant Supreme Touch Home Health Services Corp. ("Supreme Touch") jointly move for an Order approving the written settlement and release of claims agreement reached by the Parties (the "Agreement"), which resolve the claims in this case, including those claims under the Fair Labor Standards Act ("FLSA"). An executed copy of the Agreement is being submitted with this motion to the Court pursuant to the terms of the parties previously filed Protective Order. As grounds for their motion, the parties state as follows:

**A.     Brief Summary of the Dispute and Rationale for Settlement.**

1. Plaintiff filed this suit on November 15, 2019 and asserted claims under FLSA and Ohio wage and hour law for back wages owed, liquidated damages, and reasonable attorney fees and costs as well as other associated claims.

2. Plaintiff worked for Defendant Supreme Touch as a licensed practical nurse and performed all work inside of her own home. In order to be paid for her hours worked, Plaintiff was required to submit written timesheets to Defendant Supreme Touch.

1

3. Defendant denies that Plaintiff was not properly paid under FLSA and Ohio wage and hour law.

4. The parties engaged in some discovery and exchanged some documents. The documents included records related to Plaintiff's pay, including Plaintiff's timesheets and documents summarizing all wages paid to Plaintiff ("Payroll Documents").

5. Essentially, trial in this case would rest upon one party's word against the other. Thus, there is a bona fide dispute between the parties concerning FLSA liability.

6. Beginning July 22, 2020 the parties engaged in intensive settlement discussions. Although initially unable to settle this matter, the parties continued to negotiate until finally arriving at an agreed settlement.

7. In an effort to avoid the expenses and potential risks associated with continued litigation of the claims, the parties have negotiated and executed the Agreement.

8. The settlement payment outlined in section 1 of the Agreement represents wages owed, liquated damages, plus costs and reasonable attorney fees to Plaintiff. The parties agree that $11,000.00 of the settlement payment is in settlement of wages and liquidated damages owed to Plaintiff. The remainder of the Settlement Payment represents an award of attorney fees and costs incurred by Plaintiff.

**B.     Applicable Law.**

Most courts hold that "a back wage claim arising under the FLSA can only be settled or compromised in two ways: supervision by the Department of Labor or a stipulated judgment entered by a court that has determined that a settlement proposed by an employer and employee, in a suit brought by the employee under the FLSA, is a fair and reasonable resolution of a bona

fide dispute over FLSA provisions." Nasrallah v. Lakefront Lines, Inc., No. 1:17 CV 69, 2017 WL 2291657, at *4 (N.D. Ohio May 25, 2017).

"In evaluating the fairness and reasonableness of the Settlement Agreement, itself, the Court considers the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, and the amount of discovery completed." Dillworth v. Case Farms Processing, Inc., No. 5:08-CV-1694, 2010 WL 776933, at *6 (N.D. Ohio Mar. 8, 2010)

In the case at bar, this dispute has been litigated for over one-year with both sides engaging in discovery and intense negotiations. Based upon discovery, both sides have determined that there is a bona fide dispute as to FLSA liability and the case would likely proceed to a jury trial with an uncertain outcome for either side. Plaintiff and Defendant wish to avoid the expenses and potential risks associated with continued litigation of the claims and counterclaims.

**C.     Conclusion.**

In accordance with the requirements under FLSA, the parties respectfully request the Court enter an order approving the Agreement and finding the Agreement is fair, equitable and a reasonable resolution of the disputed claims and dismissing all claims and counterclaims in this case with prejudice. A proposed joint order is being submitted herewith for the Court's consideration.

Respectfully submitted,

| | |
|---|---|
| /s/ William H. Dulaney III | /s/ Jessica L. Olsheski |
| William H. Dulaney III (0037969) | Jessica L. Olsheski, Esq. (0078063) |
| Mann Dulaney LLC | Olsheski Law Co., LPA |
| 211 Bradenton Avenue | 600 East Rich Street |
| Dublin, Ohio 43017 | Columbus, Ohio 43215 |
| Telephone: (614) 763-62163 | Telephone: (614) 252-5500 |
| E-mail: wdulaney@m-dlegal.com | E-mail: Jessica.olsheski@justice-law.net |
| *Trial Counsel and Lead Attorney To* | *Trial Counsel For Defendant,* |
| *Be Noticed For Plaintiff,* | *Supreme Touch Home Health Services Corp.* |
| *Ann Francis* | |