IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANN FRANCIS, | : |
| | : Case No. 2:19-cv-05019 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : MAGISTRATE JUDGE JOLSON |
| SUPREME TOUCH HOME HEALTH SERVICES CORP., | : |
| | : |
| Defendant. | : |

### ORDER APPROVING SETTLEMENT

This matter is before the Court on the parties' Joint Motion for Settlement Approval and Dismissal with Prejudice. (ECF No. 24). For the following reasons, the Court **GRANTS IN PART** the Motion for Settlement Approval and the case is **DISMISSED WITHOUT PREJUDICE**. This Court **HOLDS IN ABEYANCE** its ruling on the requested attorneys' fees amount, pending counsel's submission of the lodestar information. The parties are directed by the Court to file a Dismissal Order dismissing this case with prejudice not later than thirty (30) days after the entry of this Order.

This matter is now terminated by settlement and shall be considered, pursuant to Fed. R. Civ. P. 41, dismissed without prejudice as to all claims, until the parties file the above-referenced Dismissal Order dismissing this matter with prejudice, unless the case is reopened for good cause shown upon proper motion of one or more parties to this action. The Court will retain jurisdiction over the settlement agreement.

### I. BACKGROUND

According to Plaintiff's Complaint, Plaintiff Ann Francis was employed by Defendant Supreme Touch Home Health Services Corp. ("Supreme Touch") from June 2017 through

1

February 2018 as a licensed practical nurse. (ECF No. 1 ¶¶ 6–7). As an employee, Ms. Francis was a covered, non-exempt employee entitled to receive overtime pursuant to Section 7 of the FLSA. (*Id.* ¶¶ 10, 25–26). Ms. Francis contends that she routinely worked more than forty hours per week but that she was not paid at least one and one-half her regular rate for her overtime hours. (*Id.* ¶¶ 8, 24). Ms. Francis alleges that the Defendant's failure to compensate her for overtime hours was knowing and deliberate. (*Id.* ¶ 12).

Plaintiff filed her Complaint against Supreme Touch in November 2019, alleging violations of the Fair Labor Standards Act ("FLSA"), O.R.C. § 4111.14 (the Ohio Minimum Fair Wage Standards Act), and O.R.C. § 4113.15 (the Ohio Prompt Pay Act). (ECF No. 1). The Complaint sought relief on behalf of Ms. Francis and a class other similarly situated individuals, pursuant to 29 U.S.C. § 216(b). (*Id.*). In March 2020, Defendants filed an answer, generally denying the allegation set forth in the complaint. (ECF No. 8). A few months later, the parties informed the Court that they had entered into settlement negotiations and sought extensions of the deadline to file for collective action certification. (ECF Nos. 14–21). In February 2021, the parties filed a Joint Motion for Settlement Approval. (ECF No. 24). The proposed settlement would fully resolve all claims which presently exist or may exist in the future between the parties related to Plaintiff's employment with Supreme Touch. (ECF No. 24-2 at 2–3). Under the Settlement Agreement, Supreme Touch will pay Plaintiff a gross sum of $21,000.00. (*Id.* at 1–2). Under the Settlement Agreement, Ms. LaRue will receive $11,000.00 and her counsel will receive $10,000.00 for attorney's fees and costs. (ECF No. 24 at 2).

The Court has reviewed the parties' Joint Motion and Settlement Agreement and approves the proposed settlement for the following reasons.

## II. ANALYSIS

The Court shall approve an FLSA settlement if there exists a bona fide dispute under the FLSA that can be resolved by a settlement agreement, the agreement was reached through an arms-length negotiation, and the agreement is fair, reasonable, and adequate. *Kritzer v. Safelite Solutions*, LLC, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381–82 (S.D. Ohio 2006)).

The settlement meets this standard for approval. First, the Court finds the settlement was the result of bona fide dispute. The case was actively litigated by both parties and was resolved after several months of settlement negotiations, of which the parties kept the Court apprised. (ECF Nos. 14–21). Defendants denied the material allegations of Plaintiff's claims and any violation of the FLSA, and they vigorously defended their position throughout the litigation. (ECF No. 8). Supreme Touch continues to deny any wrongdoing in the Settlement Agreement. (ECF No. 24-2 at 4). There is no indication that the parties were "merely engaged in pretense and posturing." *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009). As discussed below, the Court also finds that the settlement agreement was reached as the result of arms-length negotiation.

### A. Fairness, Reasonableness, and Adequacy of Settlement

To determine whether a settlement is "fair, reasonable, and adequate," this Court balances the following factors: "the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement." *Padilla v. Pelayo*, No. 3:14-cv-305, 2015 WL 4638618, at *1 (S.D. Ohio Aug. 4, 2015) (citing *Int'l Union, United Auto., Aerospace, and Agric. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2006)). The balance of these factors weighs in

favor of approving the proposed settlement.

### 1. Risk of Fraud or Collusion

As stated in *In re Telectronics Pacing Systems Inc.*, 137 F. Supp. 2d 985 (S.D. Ohio 2001), courts respect the integrity of counsel involved and "presume the absence of fraud or collusion" in settlement negotiations, unless evidence to the contrary is offered. 137 F. Supp. 2d at 1016. The proposed settlement agreement occurred after one year of litigation, including the discovery and lengthy settlement negotiations. (ECF No. 24 at 3). The proposed settlement reflects real concessions from both sides. *In re Telectronics*, 137 F. Supp. 2d at 1016. This Court finds that the negotiations were conducted at arm's length and there is no reason to believe the settlement involves collusion.

### 2. Complexity, Expense, and Likely Duration of Litigation

The parties submit that there is a bona fide dispute as to FLSA liability and anticipate that the case would proceed to a jury trial on claims and counterclaims, which would entail further expense and risk on both sides (ECF No. 24 at 3). As the district court found in *In re Telectronics*, "settlement avoids the costs, delays, and multitude of other problems associated" with complex litigation. *In re Telectronics*, 137 F. Supp. 2d at 1013 (quoting *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)). This Court finds that the complexity, expense, and likely duration of the continued litigation of Plaintiff's FLSA claims favor approval of the joint settlement agreement.

### 3. The Stage of the Proceedings

Plaintiff filed her Complaint in November 2019. (ECF No. 1). After Plaintiff sought an extension of time to effectuate service, service was perfected against Defendant in March 2020. (ECF Nos. 3–4, 7). In April 2020, Magistrate Judge Jolson held a pretrial conference and referred

4

the case to mediation in June 2020. (ECF No. 11). The Plaintiff's motion for collective certification was also due by June 26, 2020. (*Id.*). Ahead of the deadline for collective certification, the parties sought an extension of time and informed the Court that they parties were engaged in settlement negotiations. (ECF No. 14). The parties continued to engage in settlement negotiations through the summer before informing the Court in September 2020 that Plaintiff had declined the final settlement offer from Supreme Touch. (ECF No. 20). The parties then submitted a joint schedule modification to the Court, in which they reset the deadlines for discovery and collective certification. (ECF No. 22). In support of their motion for settlement approval, counsel represents that both sides engaged in discovery and intense negotiations. (ECF No. 24 at 3). As in *In re Telectronics*, "[t]he advanced stage of the proceedings and the substantial amount of concluded discovery in this case, means that the Parties have been able to perform a realistic assessment of the factual and legal strengths and weaknesses of the claims and defenses." 137 F. Supp. 2d at 1015. Accordingly, this Court finds that the stage of the proceedings and the discovery completed support a finding that the settlement is fair, reasonable, and adequate.

### 4. Likelihood of Success on the Merits

It is not clear that Plaintiff would have lost her FLSA claims if this case proceeded to trial. Plaintiff alleged a failure to compensate her for her overtime hours and also submitted that the Defendant had a policy of failing to pay overtime to other similarly situated employees. (ECF No. 1 ¶ 38). Defendants disputed liability and alleged that the Plaintiff was using Supreme Touch "to profit from taking care of her own children." (ECF No. 8). Resolution of Plaintiff's claims would be very fact-intensive, as the parties disputed the accuracy of Plaintiff's overtime claims. (*Id.*). This Court notes that any likelihood of success on the merits by Plaintiff would require substantial motions practice and a jury trial, and both the risks and expenses of continued litigation are likely

outweighed by the benefits of the proposed settlement.

### 5. The Public Interest

As the district court noted in *Kritzer*, "[t]here is a strong federal policy encouraging settlement." 2012 WL 1945144, at *6. Both parties contend that continued litigation would increase attorneys' fees on both sides, yet Plaintiff's damages would not necessarily increase. (ECF No. 29 at 6–7). Settlement of this matter without further motions practice and a jury trial reduces strain on this Court and its docket. *See In re Telectronics*, 137 F. Supp. 2d at 1025 (finding the public interest satisfied where burden on "valuable judicial resources" was alleviated by settlement). This Court finds that settlement is in the public interest and "ends potentially long and protracted litigation." *Id.* (citing *In re Broadwing*, 252 F.R.D. at 369).

### B. Attorneys' Fees

The Sixth Circuit has held that an award of attorneys' fees must be reasonable, meaning it must be "one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). The Sixth Circuit has approved both methods. *Rawlings v. Prudential-Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993). When using the percentage-of-the-fund-method, courts in this Circuit generally approve of awards that are one-third of the total settlement. *See, e.g., Rotuna v. W. Customer Mgmt. Grp., LLC*, 4:09CV1608, 2010 WL 2490989, at *8 (N.D. Ohio June 15, 2020). The lodestar represents the number of hours spent by counsel, multiplied by reasonable rates. *See Reed*, 179 F.3d at 471. A district court has discretion to select which method is appropriate in light of the "unique characteristics of class actions in general, and of the unique circumstances of the

6

actual cases before them." *Van Horn*, 436 F. App'x at 498. The party seeking attorneys' fees bears the burden of documenting entitlement to an award. *Reed*, 179 F.3d at 472. At this time, this Court only has sufficient information to analyze the request for attorney's fees under the percentage-of-the-fund method. In order to assess whether the requested attorney's fees are reasonable, this Court also requires information sufficient to assess the award of funds under the lodestar method and determine which method is appropriate in this instance. *See Van Horn*, 436 F. App'x at 501 (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779–81 (6th Cir. 1996)) (noting that, while not mandatory, a court may cross-check a request for percentage-of-the-fund awards against the actual lodestar). As set forth below, this Court requires Plaintiff's counsel to submit their lodestar calculations.

A district court also analyzes the following factors in determining whether the fee is reasonable: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Castillo v. Morales*, No. 2:12-cv-650, 2015 WL 13021899, at *6 (S.D. Ohio Dec. 22, 2015) (citing *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)). The proposed settlement provides for $10,000.00 in attorneys' fees and costs for Plaintiff's counsel, while Plaintiff will recover $11,000.00, for an overall payment amount of $21,000.00. (ECF No. 24-2 at 2–3). At present, the parties have not submitted sufficient documentation for this Court to determine whether the requested attorneys' fees are reasonable under the *Ramey* factors. Plaintiff's counsel **SHALL** submit their lodestar calculations to this Court within SEVEN (7) DAYS of this order. Accordingly, this Court shall **HOLD IN ABEYANCE** its judgment on the amount of attorney's fees at this time, pending counsel's submission of the lodestar information.

7

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** the Motion for Settlement Approval and orders that this case be **DISMISSED WITHOUT PREJUDICE**. The parties are directed by the Court to file a Dismissal Order dismissing this case with prejudice not later than thirty (30) days after the entry of this Order. The Court will retain jurisdiction over this action only for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

This Court also **HOLDS IN ABEYANCE** its ruling on the requested attorneys' fees. Counsel must file lodestar information within **SEVEN (7) DAYS** of this Order.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 13, 2021**