IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANN FRANCIS, | : |
| | : Case No. 2:19-cv-05019 |
| **Plaintiff,** | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : MAGISTRATE JUDGE JOLSON |
| SUPREME TOUCH HOME HEALTH SERVICES CORP., | : |
| | : |
| | : |
| **Defendant.** | : |

### ORDER

This matter is before the Court on the matter of attorneys' fees, which this Court held in abeyance in its April 13, 2021 Order ruling on the parties' Joint Motion for Settlement Approval. (ECF No. 25). Plaintiff Ann Francis was employed by Defendant Supreme Touch Home Health Services Corp. ("Supreme Touch") from June 2017 through February 2018 as a licensed practical nurse. (ECF No. 1 ¶¶ 6–7). She filed suit under the Fair Labor Standards Act ("FLSA") and Ohio's wage-and-hour laws, alleging that her employer failed to compensate her for her overtime hours. (*Id.* ¶¶ 8, 10, 12, 24–26). The parties resolved the case via a settlement agreement, which this Court approved in April 2021. (ECF No. 25). Supreme Touch agreed to pay $21,000.00 under the settlement agreement, of which Ms. Francis would receive $11,000.00 and her counsel would receive $10,000.00 for fees and costs. (ECF No. 24 at 2). This Court found that the settlement was fair, reasonable, and adequate. (ECF No. 25). This Court held in abeyance its ruling on attorney's fees, however, as it had no lodestar information with which it could perform a cross-check as to the reasonableness of the attorneys' fees request. (*Id.*). This Court may now resolve the outstanding issue of attorneys' fees because Plaintiff's counsel has provided lodestar fee information.

The Sixth Circuit has held that an award of attorneys' fees must be reasonable, meaning it must be "one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). The Sixth Circuit has approved both methods. *Rawlings v. Prudential-Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993). When using the percentage-of-the-fund-method, courts in this Circuit generally approve awards that are one-third of the total settlement. *See, e.g.*, *Rotuna v. W. Customer Mgmt. Grp., LLC*, 4:09CV1608, 2010 WL 2490989, at *8 (N.D. Ohio June 15, 2020). The lodestar represents the number of hours spent by counsel, multiplied by reasonable rates. *See Reed*, 179 F.3d at 471. A district court has discretion to select which method is appropriate in light of the "unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Van Horn*, 436 F. App'x at 498. The party seeking attorneys' fees bears the burden of documenting entitlement to an award. *Reed*, 179 F.3d at 472.

Under the percentage of the fund method, whereby counsel is typically awarded one-third of the overall settlement amount, Plaintiff's counsel would be awarded $7,000.00. By contrast, under the lodestar method, Plaintiff's counsel would seek $17,017.50 at a lodestar multiplier of 1.0. Plaintiff's counsel submitted detailed lodestar information for his 50.90 hours expended in this case and avers that he did not include the time spent after preparing the initial Rule 26(f) plan, meaning the lodestar is underinclusive of time spent negotiating the settlement and preparing settlement documents. (*See* Ex. 1). This Court finds that a percentage of the fund approach is most appropriate here and approves an award of $8,994.00 in attorney's fees; the remaining $1,006.00 sought in attorney's fees shall be paid to Ms. Francis, allowing her to recover her actual monetary

damages of $12,006.00 (*See* Ex. 1). Counsel's original fee request was for approximately 47 percent of the overall settlement amount and this Court is approving an award of 42 percent of the overall settlement fund, an above-average percentage which accounts for the success of Plaintiff's counsel in his representation of Ms. Francis. A review of Plaintiff's counsel's lodestar supports the reasonableness of his fee request given the circumstances of this case, the value of benefit provided to his client, the value of services on an hourly basis, and the skill of counsel. *Castillo v. Morales*, No. 2:12-cv-650, 2015 WL 13021899, at *6 (S.D. Ohio Dec. 22, 2015) (citing *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)). For these reasons, the Court finds the balance of factors weighs in favor of **GRANTING WITH MODIFICATIONS** the proposed attorneys' fees and costs.

For the reasons stated above, the Court **GRANTS WITH MODIFICATIONS** the Plaintiff's request for attorneys' fees contained in the earlier Joint Motion for Settlement Approval (ECF No. 24), which it previously held in abeyance (ECF No. 25). Plaintiff's counsel is hereby awarded $8,994.00 in attorney's fees.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:  August 16, 2021**